**Dated: August 4, 2026**

**The following is ORDERED:**



_Paul R. Thomas_
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN RE:** | |
| **KAREN LEE BISHOP,** | **Case No. 24-80684-PRT** |
| **Debtor.** | **Chapter 7** |
| **GARY BISHOP and**<br>**B&B GAS WELL SERVICES, LLC,** | |
| **Plaintiffs,**<br>**v.** | **Adv. No. 24-08022-PRT** |
| **KAREN LEE BISHOP,** | |
| **Defendant.** | |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court pursuant to Defendant Karen Lee Bishop's ("Defendant") Motion for Summary Judgment.[1] Plaintiffs Gary Bishop and B&B Gas Well Services, LLC (collectively, "Plaintiffs") did not file a response to the Motion for Summary

---

[1] ECF No. 64.

Judgment.[2] After reviewing the record and applicable legal authorities, the Court finds Defendant is entitled to summary judgment against Plaintiffs. The following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7052.

### Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[3] Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). The is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I).

### Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[5] "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."[6] Any inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.[7]

This Court's Local Rule 7056-1 requires that a motion for summary judgment contain a concise statement of material facts as to which the movant contends no genuine issue exists. Each

---

[2] Plaintiffs filed an unopposed Motion for Extension of Time in which to Respond to Defendant's Motion for Summary Judgment, ECF No. 65, which the Court granted, ECF No. 67. Despite receiving an additional fourteen days in which to respond, Plaintiffs have failed to file a response with the Court.

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[4] Fed. R. Civ. P. 56(a), made applicable to this proceeding by Fed. R. Bankr. P. 7056.

[5] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[6] *Id.*

[7] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (quotations omitted).

fact shall be stated in a separately numbered paragraph and shall refer with particularity to those portions of the affidavits, discovery materials, pleadings, or other parts of the record before the Court upon which the movant relies. Defendant's Motion for Summary Judgment complies with this Court's Local Rule 7056-1 as it includes a numbered list of material facts to which she alleges there is no genuine issue, with references to the record and exhibits supporting those facts. Plaintiffs failed to respond to Defendant's Motion for Summary Judgment. A court may accept non-rebutted evidence as undisputed and true for summary judgment purposes.[8] Properly supported material facts set forth in a motion for summary judgment are deemed admitted unless specifically controverted by the non-movant.[9] Accordingly, the Court accepts as true the statement of facts and evidence offered in support of Defendant's Motion for Summary Judgment, as set forth below. Nevertheless, the Court must "examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[10]

### **Findings of Fact**

There is no genuine dispute as to the following facts:

1.      On September 4, 2024, Defendant filed a Chapter 7 Voluntary Petition in this Court, Case Number 24-80684-PRT.[11]

---

[8] Fed. R. Civ. P. 56(e)(2); *Tillison v. Trinity Valley Elec. Coop.*, No. 3:03-CV-2480-D, 2005 WL 292423, at *1 (N.D. Tex. Feb. 7, 2005) (citation omitted).
[9] *See* Local Rule 7056-1(B).
[10] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).
[11] Case No. 24-80684, at ECF No. 1.

2. On December 20, 2024, Plaintiffs filed this adversary proceeding seeking a determination that the debt allegedly owed by Defendant to Plaintiffs is excepted from discharge in Defendant's bankruptcy case pursuant to § 523(a)(2)(A), (a)(4), and (a)(6).[12]

3. Plaintiffs' Complaint alleges Defendant, through fraud, misrepresentation, and false pretenses, obtained money and property for her own benefit after selling Plaintiffs' property at auction.[13]

4. Defendant served Plaintiffs' counsel with Interrogatories, Requests for Admission, and Requests for Production of Documents via email on March 4, 2026.[14] Plaintiffs' counsel acknowledged receipt of said discovery.[15]

5. To date, Plaintiffs have not responded to any of Defendant's discovery requests, nor have they responded to Defendant's Motion for Summary Judgment.[16] Therefore, the following facts are deemed admitted:[17]

6. Roy Bishop, Jr., Defendant's deceased husband, and his brother, Plaintiff Gary Bishop, were 50-50 members of Plaintiff B&B Gas Well Services, LLC.[18]

---

[12] ECF No. 1.

[13] *Id.* at 2-4.

[14] ECF No. 64, Ex. 2 at 1, ¶ 3.

[15] *Id.* at 1, ¶ 4.

[16] *Id.* at 2, ¶¶ 5-7, 11.

[17] "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3), made applicable to this proceeding by Fed. R. Bankr. P. 7036; *see Bergemann v. United States*, 820 F.2d 1117, 1120 (10th Cir. 1987) (citing first *Rainbolt v. Johnson*, 669 F.2d 767, 768 (D.C. Cir. 1981); and then *Luick v. Graybar Elec. Co.*, 473 F.2d 1360, 1362 (8th Cir. 1973)); *Bernard v. Grp. Pub., Inc.*, 970 F. Supp. 2d 1206, 1220 (D. Colo. 2013).

[18] ECF No. 64, Ex. 1 at 1, ¶ 2. Defendant has held an economic interest in Plaintiff B&B Gas Well Services, LLC since her husband's death in April 2021. *See* ECF No. 64, Ex. 1 at 4, ¶ 26.

7. During the summer of 2020, Defendant and her husband decided to sell their personal property via auction and contacted Plaintiff Gary Bishop to inquire as to whether he would agree to include company property in the auction.[19] Plaintiff Gary Bishop did not respond and never agreed to participate in an auction with Defendant and her husband.[20]

8. On or about December 3, 2020, Plaintiff Gary Bishop personally transported, or caused to be transported, equipment, trailers, or other physical assets belonging to Plaintiff B&B Gas Well Services, LLC (the "LLC Assets") to the physical location of the auction site.[21]

9. Without the permission of Defendant or her husband, Plaintiff Gary Bishop voluntarily entered the LLC Assets into the auction inventory to be sold.[22]

10. Plaintiff Gary Bishop personally attended the auction on the dates of sale.[23]

11. Plaintiff Gary Bishop, or agents acting on his behalf, placed winning bids on one or more items of the LLC Assets during the auction.[24]

12. Plaintiff Gary Bishop cannot identify any written resolution, member vote, or manager authorization approving an auction of the LLC Assets.[25]

13. Plaintiff Gary Bishop did not obtain an independent appraisal of the LLC Assets that he took or caused to be taken to the physical location of the auction prior to any bids being placed on those LLC Assets.[26]

---

[19] *Id.* at 2, ¶¶ 5-7.
[20] ECF No. 64, Ex. 1 at 2, ¶¶ 5-7; Ex. 3 at 5, ¶ 1.
[21] ECF No. 64, Ex. 1 at 3, ¶ 13; Ex. 3 at 6, ¶¶ 2, 3.
[22] ECF No. 64, Ex. 1 at 3, ¶ 16; Ex. 3 at 6, ¶ 5.
[23] ECF No. 64, Ex. 3 at 6, ¶ 6.
[24] ECF No. 64, Ex. 1 at 3, ¶ 14; Ex. 3 at 6, ¶ 7.
[25] ECF No. 64, Ex. 3 at 6, ¶ 8.
[26] *Id.* at 7, ¶ 14.

14.     The funds retained by Defendant from the auction proceeds are less than or equal to the amount of unpaid distributions and rental income owed by Plaintiff B&B Gas Well Services, LLC to Roy Bishop and/or his Estate for the period January 1, 2019, through the present date.[27]

15.     Defendant did not make any false statement or misrepresentation to Plaintiff Gary Bishop concerning the auction, the property sold, the proceeds from the auction, or any other matter involving Plaintiff B&B Gas Well Services, LLC.[28]

16.     The proceeds attributable to company property were retained as an offset against amounts Roy Bishop believed were owed to him as a member of Plaintiff B&B Gas Well Services, LLC.[29] The Operating Agreement for Plaintiff B&B Gas Well Services, LLC does not prohibit a member from retaining proceeds as an offset for unpaid distributions.[30]

To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

### **Conclusions of Law**

Before a court may grant summary judgment where there is a failure to respond, it must determine whether the party seeking summary judgment is entitled to judgment as a matter of law.[31] The issues of law before the Court are whether a debt should be excepted from discharge

---

[27] ECF No. 64, Ex. 3 at 7, ¶ 15; Ex. 4 at 6, ¶ 7.
[28] ECF No. 64, Ex. 1 at 4, ¶ 23.
[29] ECF No. 64, Ex. 1 at 4, ¶ 22; Ex. 3 at 6-7, ¶¶ 12, 15.
[30] ECF No. 64, Ex. 4 at 5, ¶ 2.
[31] *See* Fed. R. Civ. P. 56(e)(3); *Redmond v. Kester (In re Kester)*, 339 B.R. 764, 767 (Bankr. D. Kan. 2005) ("If the nonmoving party fails to respond, the [court] may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.") (quoting *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1200 (10th Cir. 2002)).

pursuant to § 523(a)(2)(A), (a)(4), and (a)(6). Under § 523, a creditor seeking to except its claim from discharge must prove the claim is nondischargeable by a preponderance of the evidence.[32]

### A. Section 523(a)(2)(A): False Pretenses, False Representation, or Actual Fraud

Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud[.]" A claim pursuant to § 523(a)(2)(A) may rest on any of the three aforementioned types of fraud, each of which must be analyzed separately depending on the facts of the specific case.[33] However, each type of fraud must involve "moral turpitude or intentional wrong, and does not extend to fraud implied in law which may arise in the absence of bad faith or immorality."[34] In other words, the debtor must have acted with subjective intent to deceive, which may be inferred from the totality of the circumstances.[35]

A false representation for purposes of § 523(a)(2)(A) is an explicit, definable statement resulting in a misrepresentation.[36] A false pretense, on the other hand, is an implied misrepresentation, which includes a material omission or conduct intended to create and foster a false impression.[37] To establish a claim under § 523(a)(2)(A) for false pretenses or false representation, a plaintiff must prove the following: "1) the debtor made a false representation; 2)

---

[32] *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

[33] *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 360 (2016) ("It is therefore sensible to start with the presumption that Congress did not intend 'actual fraud' to mean the same thing as 'a false representation[.]'").

[34] *In re Van De Water*, 180 B.R. 283, 288 (Bankr. D.N.M. 1995) (citation omitted); *see also Ritz*, 578 U.S. at 360.

[35] *DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 169 (10th Cir. BAP 2012); *Skyline Air Ops, Inc. v. Conkle (In re Conkle)*, No. 23-01053, 2024 WL 1460286, at *6 (Bankr. W.D. Okla. Apr. 3, 2024).

[36] *Argento v. Cahill (In re Cahill)*, No. 15-72418, 2017 WL 713565, at *6 (Bankr. E.D.N.Y. Feb. 22, 2017).

[37] *William W. Barney, M.D. P.C. Ret. Fund v. Perkins (In re Perkins)*, 298 B.R. 778, 788 (Bankr. D. Utah 2003).

7

the debtor made the representation with the intent to deceive the creditor; 3) the creditor relied on the representation; 4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to sustain a loss."[38] Actual fraud entails "any deceit, artifice, trick, or design involving direct or indirect operation of the mind, used to circumvent or cheat another."[39] To establish a claim for actual fraud, "a creditor must establish that (1) a fraud occurred, (2) the debtor intended to defraud, and (3) the fraud created the debt that is the subject of the dispute."[40]

The Court concludes that Defendant is entitled to judgment as a matter of law on Plaintiffs' § 523(a)(2)(A) claim. Plaintiffs have not shown, or even alleged with particularity, that Defendant made any false representation; Defendant made a false representation with intent to deceive Plaintiffs; Plaintiffs justifiably relied on a false representation; or the alleged representation caused Plaintiffs to sustain a loss. Moreover, Plaintiffs have failed to provide any support to suggest that a factual dispute exists as to their claim for actual fraud. Therefore, because Plaintiffs have failed to set forth any evidence, no rational trier of fact could find in Plaintiffs' favor. Therefore, the Court finds the grant of summary judgment in Defendant's favor as to Plaintiffs' § 523(a)(2)(A) claim to be appropriate.[41]

## B. Section 523(a)(4): Fraud or Defalcation While Acting in a Fiduciary Capacity, Embezzlement, or Larceny

---

[38] *Okla. Heritage Bank v. Ward (In re Ward)*, 589 B.R. 424, 428 (Bankr. W.D. Okla. 2018) (citing *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789 (10th Cir. 2009)); *Scheideler v. Berken*, No. 16-cv-02310, 2017 WL 3315550, at *3 (D. Colo. Aug. 3, 2017).

[39] *Bank of Cordell v. Sturgeon (In re Sturgeon)*, 496 B.R. 215, 223 n.14 (10th Cir. BAP 2013) (quoting *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000)).

[40] *In re Ward*, 589 B.R. at 428 (quoting *Fifth Third Mortg. Co. v. Kaufman*, 2017 WL 4021230, at *14 (N.D. Ill. July 25, 2017)).

[41] "[A] motion for summary judgment must be granted if 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Bernard*, 970 F. Supp. 2d at 1210 (quoting Fed. R. Civ. P. 56(c)).

Section 523(a)(4) excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." To prove a claim for fraud or defalcation while acting in a fiduciary capacity, "'a plaintiff must [show] that: (1) a fiduciary relationship existed between the debtor and the creditor, and (2) the debt owed to the creditor is attributable to a fraud or defalcation committed by the debtor in the course of the fiduciary relationship.'"[42] The fiduciary relationship necessary to satisfy the first element is one that arises from an express or technical trust established or imposed prior to the allegedly tortious conduct creating the debt.[43] As to the second element, fraud is defined as "positive fraud, or fraud in fact, involving moral turpitude or intentional wrong . . . and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality."[44] Defalcation, on the other hand, does not require a showing of bad faith, moral turpitude, or immoral conduct; instead, it requires a finding "that the debtor acted with wrongful intent, or, at a minimum, with a conscious disregard of his or her fiduciary duties."[45]

Embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come, and it requires fraud

---

[42] *In re Ward*, 589 B.R. at 429-30 (quoting *Barenberg v. Burton (In re Burton)*, 463 B.R. 142 (Table), 2010 WL 3422584, at *5 (10th Cir. BAP Aug. 31, 2010)).
[43] *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996) ("Thus, an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4)."); *White v. White (In re White)*, No. 20-01061, 2021 WL 450992, at *7 (Bankr. W.D. Okla. Feb. 8, 2021).
[44] *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273 (2013).
[45] *Okla. DHS Child Support Servs. v. Bryan (In re Bryan)*, 612 B.R. 618, 627 (Bankr. N.D. Okla. 2020) (quoting *Jantz v. Karch (In re Karch)*, 499 B.R. 903, 906 (10th Cir. BAP 2013)); *see Bullock*, 569 U.S. at 273-74 ("Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty.").

in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud."[46] Larceny, on the other hand, is "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert [such property] to the taker's use and with intent to permanently deprive the owner of such property."[47] The critical difference between the two "is that with embezzlement, the debtor initially acquires the property lawfully, whereas larceny requires that the funds originally come into the debtor's hands unlawfully."[48] Additionally, the fraudulent intent required to prove embezzlement or larceny differs from that required under § 523(a)(2) in that "the property must generally be appropriated or converted *with the intent permanently to deprive*."[49]

The Court concludes that Defendant is also entitled to judgment as a matter of law on Plaintiffs' § 523(a)(4) claim. There is nothing evidencing an issue of disputed material facts as to the existence of a fiduciary relationship between Plaintiffs and Defendant or that Defendant committed fraud or defalcation. Furthermore, there is no evidence supporting a determination that Defendant's actions constituted embezzlement or larceny. Thus, the Court finds the grant of summary judgment in Defendant's favor as to Plaintiffs' § 523(a)(4) claim to be appropriate.

### C. Section 523(a)(6): Fraud or Defalcation While Acting in a Fiduciary Capacity

---

[46] *Fire Fighters Credit Union v. Burd (In re Burd)*, No. 16-1037-R, 2017 WL 1191536, at *3 (Bankr. N.D. Okla. Mar. 28, 2017) (quoting *Cousatte v. Lucas (In re Lucas)*, 300 B.R. 526, 531 (10th Cir. BAP 2003)) (quotations omitted).

[47] *Id.* (quoting *Bryant v. Tilley (In re Tilley)*, 286 B.R. 782, 789 (Bankr. D. Colo. 2002)) (quotations omitted).

[48] *Fusion Indus., LLC v. Friday (In re Friday)*, No. 24-1076-JDL, 2025 WL 892618, at *11 (Bankr. W.D. Okla. Mar. 21, 2025) (first citing *Bombardier Cap., Inc. v. Tinkler (In re Tinkler)*, 311 B.R. 869, 876 (Bankr. D. Colo. 2004); then *Chenaille v. Palilla (In re Palilla)*, 493 B.R. 248, 252 (Bankr. D. Colo. 2013); and then *Tilley*, 286 B.R. at 789).

[49] *In re Palilla*, 493 B.R. at 252 (quoting 2 Charles E. Torcia, Wharton's Criminal Law § 385 (15th ed. 1993)) (emphasis added).

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." In this context, willfulness "is more akin to intentional torts than negligent or reckless torts or a 'knowing breach of contract.'"[50] There must have been "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."[51] To fulfill the malicious injury element of § 523(a)(6), "the debtor must have 'acted with a culpable state of mind vis-à-vis the actual injury caused the creditor.'"[52] In other words, the action must have been committed wrongfully and without just cause or excuse.[53] However, maliciousness does not require a showing of personal animus.

The Court finds that Defendant is likewise entitled to judgment as a matter of law on Plaintiffs' § 523(a)(6) claim. There is no issue of disputed material facts as to whether Defendant willfully and maliciously caused injury to Plaintiffs or their property. Plaintiffs have not provided any specific facts or evidence to the contrary. As such, the Court finds the grant of summary judgment in Defendant's favor as to Plaintiffs' § 523(a)(6) claim to be appropriate.

### Conclusion

For the above and foregoing reasons, Defendant Karen Lee Bishop's Motion for Summary Judgment and Brief in Support (ECF No. 64) is **granted**, and the debt to Plaintiffs is discharged.

A separate judgment will be entered.

###

---

[50] *Glencove Holdings, LLC v. Bloom (In re Bloom)*, No. 22-1005, 2022 WL 2679049, at *7 (10th Cir. July 12, 2022) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998)).

[51] *Owens v. Yiannos (In re Yiannos)*, 673 B.R. 453, 489 (Bankr. D. Colo. 2025) (quoting *Kawaauhau*, 523 U.S. at 61) (emphasis original and quotations omitted); *Blue Sky Bank v. Sitton (In re Sitton)*, No. 24-1046, 2024 WL 4481704, at *3 (Bankr. W.D. Okla. Oct. 11, 2024) ("The 'willful' element requires both an intentional act and an intended harm; an intentional act that leads to harm is not sufficient.").

[52] *Id.* (quoting *In re Smith*, 618 B.R. 901, 919 (10th Cir. BAP 2020)).

[53] *Id.*